**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

MICHAEL R. MCEVOY and
CINDY P. MCEVOY,

    Plaintiffs,

v.

JENKINS, WAGNON & YOUNG, PC,

    Defendant.

Case No. 3:21-cv-00262

**NOW COME** MICHAEL R. MCEVOY and CINDY P. MCEVOY (collectively "Plaintiffs"), by and through their undersigned counsel, complaining as to the conduct of Defendant JENKINS, WAGNON & YOUNG, PC, ("Defendant") as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et. seq.*

## JURISDICTION AND VENUE

1.    Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the actions arise under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

2.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) as Plaintiffs reside in this district and the conduct giving rise to the action occurred in this district.

## PARTIES

5.    Michael R. McEvoy ("Michael") and Cindy P. McEvoy ("Cindy") are natural

persons, over 18-years-of-age, who at all times relevant resided in El Paso, Texas, where Michael is currently stationed in the United States Army.

6.      Jenkins, Wagnon & Young, PC ("Defendant") is a prominent debt collection law firm with its principal business being the collection of defaulted debts owed to others. [1] Defendant maintains its principal place of business at 1623 10th Street, Lubbock, Texas 79401-2685.

## FACTUAL ALLEGATIONS

7.      At some point, Cindy applied for and received a Victoria's Secret credit card, amassing a balance ("subject debt").

8.      Due to unforeseen circumstances, Cindy fell behind on her obligation to Victoria's Secret and allegedly defaulted on the subject debt. Sometime thereafter, Defendant acquired the rights to collect the defaulted subject debt.

9.      In or around December 2020, Defendant served Cindy with a lawsuit regarding the Victoria's Secret account.

10.      Instead of obtaining a judgment against Cindy, Defendant and Cindy stipulated to a payment plan on the subject debt.

11.      Although both the subject debt and the lawsuit were in Cindy's name, Cindy demonstrated that she was unable to make the payments herself.

12.      Defendant made an agreement with Cindy and Michael whereby Michael would pay $50 per month toward the subject debt on Cindy's behalf.

13.      Michael started making these payments in or around December 2020/January 2021.

14.      Michael called in every month and made the payment by providing his account information every time.

---

[1] https://www.jwylaw.com/consumer-collections/ (last visited: 10/18/2021).

15.     Michael believed that he needed to call in and make the payment every month because (1) Defendant stated it does not store consumer payment information in its system, and; (2) since the payment account was in Michael's name, Cindy was unable to authorize the transaction.

16.     In the first full week of October, Cindy was in a financial position to start making the payments on the subject debt herself without any help from Michael.

17.     Accordingly, Cindy called Defendant to make a $100 payment from Cindy's Navy Federal Credit Union ("Navy Fed") account.

18.     Cindy provided her account number and authorization to withdraw the funds from her account.

19.     Unexpectedly, on October 13, 2021, Michael received a notification regarding his Navy Fed account stating that Defendant was attempting to take $100 from *Michael's* account – not Cindy's.

20.     Navy Fed completed the payment from Michael's account, causing Michael to incur a $29 overdraft fee.

21.     On October 14, 2021, Cindy called Defendant to inquire about the situation and spoke with the same representative who took her payment information the previous week.

22.     After Cindy explained that somehow Defendant had taken money out of Michael's account when both Michael and Cindy believed that (1) Defendant did not store consumers' payment account information and (2) only Michael could authorize a payment from his account, the representative went quiet.

23.     The representative then put Cindy on hold to review the call in which Cindy had authorized the payment.

24.     The representative stated that Cindy had recited the last 4 digits of Michael's account number when authorizing the payment.

25.     Aghast, Cindy stated that she does not have Michael's account number memorized and that she and Michael both believed that Michael had to be on the line to authorize a payment from his account.

26.     Additionally, Cindy stated that Defendant had advised it does not store consumers' payment account information, so Cindy assumed that the representative was reading Cindy's payment account information.

27.     The representative then discussed the situation with another of Defendant's employees, who stated that Defendant would remove Michael's and Cindy's payment information from the system.

28.     Even more exasperating, this employee stated that Defendant actually had *two* accounts on file for Michael in addition to the account for Cindy even after Defendant adamantly stated it did not store payment information.

29.     Defendant then advised Cindy to send over the notice regarding Michael's $29 overdraft fee so that Defendant could 'look into it.'

30.     Concerned with Defendant's deceptive collection practices, Plaintiffs retained counsel to help resolve this matter.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31.     Plaintiffs restate and reallege all previous paragraphs of this Complaint as though fully set forth herein.

32.     Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

33.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

34.     The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5) because it was incurred for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692e

35.     Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

36.     Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37.     Defendant violated §§1692e and e(10) when it stated on numerous occasions that it did not store consumers' payment account information but then revealed to Plaintiffs that it had two of Michael's accounts and one of Cindy's accounts stored in its system.

38.     Additionally, Defendant violated §§1692e and e(10) when it took a payment from Michael's account without his authorization, causing Michael to incur a $29 overdraft fee.

### b.  Violations of FDCPA § 1692f

39.     Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

40.     Defendant violated §1692f when it unfairly and unconscionably took a payment from Michael's account without his authorization.

41.     Specifically, Cindy called Defendant to make a payment out of her account, but Defendant then took the payment from Michael's account.

42.     Further, Defendant's storing of consumers' account information despite advising consumers that it does not store such information is egregious, unfair, and unconscionable.

43.     Consumers hold their banking information as one of the most sensitive pieces of information in their possession.

44.     As an experienced debt collector, Defendant knew or should have known the ramifications of attempting to take unauthorized funds from a consumer.

45.     Defendant also knew or should have known the ramifications of storing consumers' payment account information while misinforming consumers of this storage.

46.     Upon information and belief, Defendant systematically attempts to collect debts in this fashion and has no procedures in place to assure compliance with the FDCPA.

47.     As stated above, Plaintiffs were severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiffs, MICHAEL R. MCEVOY and CINDY P. MCEVOY, respectfully request that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from continuing to contact Plaintiffs;

c. Award Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

48.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49.     Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

50.     Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6).

51.     Section 392.304(14) prohibits a debt collector from "representing falsely the status or nature of the services rendered by the debt collector of the debt collector's business" Tex. Fin. Code §392.304(14).

52.     Section 392.304(19) of the Texas Finance Code prohibits a debt collector from "using any other false or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code Ann. § 392.304(19).

53.     Defendant violated Tex. Fin. Code Ann. § 392.304(14) by misleading Plaintiffs regarding the nature of its services.

54.     Specifically, Defendant deceived Plaintiff regarding the storage of consumers' payment account information with Defendant; in other words, Defendant advised that it did not store consumers' payment account information when in fact the opposite was true.

55.     Defendant violated Tex. Fin. Code Ann. §392.304(19) when it took a payment from Michael's account because (1) Michael never authorized the transaction, (2) Michael incurred a $29 overdraft fee due to this unauthorized withdrawal; (3) it attempted to deceive Cindy that the mistake was her fault when Cindy brought the issue to Defendant's attention; and (3) it egregiously stored Plaintiffs' payment account information without Plaintiffs' knowledge.

56.     Plaintiffs were severely harmed by Defendant's egregious conduct.

**WHEREFORE**, Plaintiffs, MICHAEL R. MCEVOY and CINDY P. MCEVOY, request that this Honorable Court enter judgment in their favor as follows:

a.  Finding that Defendant violated Tex. Fin. Code Ann. §§392.304(14) and 391.304(19);

b.  Enjoining Defendant from further contact with Plaintiffs pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.  Awarding Plaintiffs actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Awarding Plaintiffs their reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: October 20, 2021                                  Respectfully Submitted,

**MICHAEL R. MCEVOY and
CINDY P. MCEVOY**

By: /s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*